ANDREW J. PERKINS *vs.* SAMUEL M. BOARDMAN & another.

A lien for the keeping of a horse, created by agreement, will not hold against a mortgage subsequently executed and recorded, if the owner is afterwards permitted to use the horse at his pleasure.

REPLEVIN of a mare. Writ dated September 5th 1856. Trial and verdict for the defendants in the court of common pleas in Essex at March term 1859, before *Briggs*, J., who signed a bill of exceptions, the material parts of which were as follows :

The plaintiff claimed the mare under a mortgage, to be referred to. It was admitted that the mortgage was duly executed by Albert M. Putnam on the 29th of May 1856, and was sufficient to entitle the plaintiff to recover unless the defendants could show a better title.

The defendants were livery stable keepers, and took the mare to board in the latter part of February 1856, from Putnam, who then owned her. The board was regularly charged to Putnam, from week to week and month to month, up to the time of the replevin, when there was a balance due. The defendants claimed a lien on the mare for the board due. But the presiding judge ruled that no such lien existed by law.

The defendants then testified " that, when the first month's board was due, they called upon Putnam for payment, who was unable to pay, but said to them : ' The mare is good for her board. You may hold on to her, and when she eats herself up, you can keep her, sell her or do as you please with her.' And this conversation was repeated from time to time during the following summer, when Putnam was called on for pay." The defendants also testified " that Putnam said that they could hold on to the mare ; that he should want to use her only to deliver and receive of his customers clothes for his laundry, (which was opposite their stable,) and that she would be in the stable all the rest of the time ; and that the mare remained in their stable up to the time of the replevin, and Putnam and his servant used her in their said business when they pleased."

The plaintiff asked the court to rule that, "taking the evidence offered by the defendants to be true, it constituted no defence to the action, and that upon this evidence they had no right to retain possession of the mare as against the plaintiff." The court declined so to rule, but gave the following instructions : " If the jury are satisfied from the evidence in the case that, before the mortgage was executed, there was an agreement between Putnam, who was the owner of the mare, and the defendants, that the defendants were to keep and hold on to the mare until her board was paid ; and if, when she had eaten herself up, they might keep her or sell her as they pleased ; and the mare was to remain in the possession of the defendants, Putnam having the liberty to use her for himself and his man about his business, as she had been used before ; and the mare remained in the possession of the defendants except that she was used as above mentioned ; and she was so held and claimed by the defendants, at the time the mortgage was made to the plaintiff, and so held down to five or six days of the time of the replevin, when the defendants refused to let the mare go out of the stable ; the defendants had a right to hold her until her board was paid ; and the plaintiff could not hold her under his mortgage, until he paid or tendered to the defendants the amount of their bill for boarding her."

*S. B. Ives, Jr.* for the plaintiff.

*D. Saunders, Jr.* for the defendants.

MERRICK, J. It is stated in the bill of exceptions that the mortgage under which the plaintiff claims was duly executed on the 29th of May 1856. It was also at the same time duly recorded. This appears upon inspection of the memorandum upon the instrument by the proper recording officer, and by the concessions of the defendants' counsel at the argument in this court of the questions of law arising in the case.

Upon the facts reported in the bill of exceptions in relation to keeping and furnishing supplies for the mare by the defendants, and the contract between them and the mortgagor on that subject, there can be no doubt but that, at the time of the execution and record of the mortgage, they had a lien upon the

animal mortgaged to the amount of their reasonable charges for the supplies then and afterwards to be by them furnished in the way of the animal's subsistence. To complete the right of lien, it is essential that the possession and right of possession of the goods pledged should be continued and uninterrupted. A relinquishment of the possession of property, by the party in whose favor a lien or pledge exists to the general owner is an abandonment, and operates as an immediate release of it. *Forth* v. *Simpson*, 13 Ad. & El. N. R. 680. *Bigelow* v. *Heaton*, 4 Denio, 496. *Bailey* v. *Quint*, 22 Verm. 464. A lien may perhaps be renewed by the return and restitution of the property ; but in such case it will be subordinate to any intervening incumbrance to which the property in the mean time has become subject.

This rule, applied to the facts upon which the questions in controversy between the parties arise, is decisive in determining their respective rights. By the mortgage to him the plaintiff acquired a good title to the mortgaged property, but subject to the defendants' then existing right of lien. After this time, however, the mare was repeatedly, by their permission and consent, suffered to be taken by the mortgagor into his possession, to be used by him at his pleasure in carrying on the particular business in which he was engaged. This, as against the plaintiff having rights under his duly recorded mortgage, was such a relinquishment of possession as extinguished and discharged the previously existing lien. The mortgage then became prior in right, and the incumbrance created by it continued without interruption, disturbance or discharge from and after the time when this lien was lost; and the mortgagee thereby acquired a paramount right and title to the property. Rev. Sts. *c.* 74, § 5. *St.* 1843, *c.* 72, §§ 1, 2. *Bracket* v. *Bullard*, 12 Met. 308.

The court therefore erred in instructing the jury that the defendants were entitled to set up their lien against the rights of the plaintiff acquired by the mortgage to him ; and his exceptions must accordingly be sustained. *Exceptions sustained.*