UNIVERSAL C. I. T. CREDIT CORP.
*vs.*
CLAIR H. LEWIS

Penobscot.   Opinion, December 17, 1954.

*M. W. Epstein,*
*Harry Stern,* for plaintiff.

*Judson A. Jude,*
*Clayton Eames,* for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, TAPLEY, JJ., THAXTER, A.R.J.  FELLOWS, C.J., and BELIVEAU, J., did not sit.

WILLIAMSON, J.   On exceptions.   The decisive issue is whether a garageman loses his statutory lien for repair of an automobile by relinquishing possession to the owner. This action of trover was brought by the conditional vendor

of the automobile against the attaching officer in a lien action brought by the garageman against the conditional vendee. The referee who heard the case with right of exceptions reserved found for the vendor and assessed damages at an agreed amount.

The conditional sale agreement was dated September 16, 1950, and recorded on January 18, 1952. Under the statute the agreement ". . . shall not be valid, except as between the original parties thereto, unless it is recorded. . . ." R. S., c. 106, § 8 (1944), as amended, P. L., 1951, c. 349. The 1953 amendment permitting recording of a memorandum was not then in effect. P. L., 1953, c. 159. "This statute is interpreted as meaning that an unrecorded conditional sales contract is not valid against the lawful claims of third persons." *Beal* v. *Universal C. I. T.*, 146 Me. 437, 440, 82 A. (2nd) 412 (1951). It follows that until the agreement was recorded, the garageman properly could treat the conditional vendee as the owner.

The garageman had a lien for labor and materials on the automobile which, to use the words of the referee, "matured December 20, 1951, and was recorded properly," in the town clerk's office on January 19, 1952. On March 19, 1952, he brought a bill in equity to enforce the lien and attached the automobile. The plaintiff admits that the garageman obtained a valid lien which he might have enforced under R. S., c. 164, §§ 61, 62 (1944) if he had retained his lien, but, says the plaintiff in argument, "it is settled law that such liens may be lost or 'dissolved' before enforcement."

On December 27, 1951, the garageman, who then had possession of the automobile, permitted the vendee to take it from the garage to Bangor to a bank for the purpose of making a loan to pay both the conditional vendor and the garageman. This was known to the vendor. The vendee also used the automobile for his own purposes. On January 7, 1952, at the request of the vendor, the garageman gave a

statement in writing that "I will not take any legal action to collect bills against (the automobile) held by (the vendee) until 1/14/52." On January 12 the vendor repossessed the automobile from the vendee.

The referee held "that while (the garageman) had a lien that when he allowed (the vendee) the possession of the car he lost it because the car was repossessed by the (vendor) under its conditional sales agreement. Although the agreement was not then recorded, as between (the vendee) and (the vendor), it was good. It became valid against (the garageman) when he gave up possession and (the vendor) took possession." The referee under this holding was apparently of the view that the lien continued while the car was in the possession of the vendee, and was not lost until repossessed by the vendor.

The reasoning of the referee is not grounded in the last clause of the lien statute ". . . said lien, however, shall be dissolved if said property has actually changed ownership prior to such filing." There was no change of ownership from the repossession by the vendor.

The lien statute, R. S., c. 164, § 61 (1944) as amended P. L., 1949, c. 154, reads as follows:

"Sec. 61. **Liens on vehicles, aircraft or component parts thereof, and parachutes.** Whoever performs labor by himself or his employees in manufacturing or repairing the ironwork or woodwork of wagons, carts, sleighs and other vehicles, aircraft or component parts thereof, and parachutes, or so performing labor furnishes materials therefor or provides storage therefor by direction or consent of the owner thereof, shall have a lien on such vehicle, aircraft or component parts thereof, and parachutes, for his reasonable charges for said labor, and for materials used in performing said labor, and for said storage, which takes precedence of all other claims and incumbrances on said vehicles, aircraft or component parts thereof, and

parachutes, not made to secure a similar lien, and may be enforced by attachment at any time within 90 days after such labor is performed or such materials or storage furnished and not afterwards, provided that a claim for such lien is duly filed as required in the following section; said lien, however, shall be dissolved if said property has actually changed ownership prior to such filing."

Section 62, as amended P. L., 1951, c. 363, provides for the filing of the lien claim within 30 days in the town clerk's office, or under certain circumstances in the registry of deeds or registry district.

The fourth exception to the acceptance of the report of the referee is the fourth objection to the report in slightly different language. It reads:

"4. That the refusal of the referee to rule that (the garageman), by following the Statutes in all respects in perfecting his lien claim for labor done and materials furnished on the motor vehicle, had a lien claim on said motor vehicle which took precedence over the claim of (the vendor), is error as a matter of law."

This exception reaches the heart of the problem. First, we have seen that the vendee was properly considered to be the owner of the automobile by the garageman at all times until the recording of the conditional sales agreement on January 18, 1952. Second, admittedly the garageman followed the steps required in the statute for perfecting his lien. Third, the only point at issue is whether by giving the vendee possession, or in any event on repossession by the vendor, the garageman lost the lien.

In our view possession need not be retained by a garageman for preservation of his statutory lien. We are not concerned with a common law lien in which continued possession is required, with some exceptions for temporary use. The Legislature has provided a careful procedure for the

filing and recording of a claim. The record is as readily available as the record of a conditional sales agreement or chattel mortgage. Action must be brought by attachment within 90 days. In this manner the lien is preserved. The lien is dissolved on an actual transfer of ownership before the filing.

If continued possession is an essential fact, the statute adds little to the common law lien. It is plain that a second method—the statutory lien method—to protect garagemen and others was created by the statute. In some states we find possession is required by the statute, but not so here. The garageman did not lose his lien by returning possession to this vendee, whom he could treat as the owner. There was no actual transfer of ownership prior to the filing with the town clerk. Whatever the rights the vendor may have had against the vendee, it could retain none against the property superior to the lien originating through the vendee (or "owner" under the unrecorded conditional sales agreement).

It is unnecessary for us to pass upon the remaining exceptions. What may be the effect of a temporary relinquishment of possession upon a common law or other lien in which possession is an essential ingredient, does not touch the basic issue under our particular statute. *Drummond* v. *Griffin*, 114 Me. 120, 95 A. 506 (1915), and *Perkins* v. *Boardman*, 80 Mass. 481 (14 Gray) (1860), cited by the referee, are cases of this type. Nor need we consider further the effect of the failure to record the conditional sales agreement until after the lien had been created. The vendee was the owner insofar as the garageman was concerned until the conditional sales agreement was recorded. The lien could not be dissolved by the vendor. The statutory means for preservation and enforcement of the lien remained available to the garageman.

The entry will be

*Exceptions sustained.*